BRISCOE, Circuit Judge,
concurring:
I concur in the majority’s affirmance of the district court’s judgment in favor of plaintiffs. I write separately because I do not believe the City has demonstrated a real and immediate interest in conducting suspieionless drug testing of mechanics in its Solid Waste Department.
To pass constitutional muster, the City’s “proffered special need for drug testing must be substantial' — important enough to override the individual’s acknowledged privacy interest, sufficiently vital to suppress the Fourth Amendment’s normal requirement of individualized suspicion.” Chandler v. Miller, 520 U.S. 305, 117 S.Ct. 1295, 1303, 137 L.Ed.2d 513 (1997). In deciding whether the City has met this difficult standard, the initial focus is on “the nature and immediacy of the governmental concern at issue.” Vernonia School District 47J v. Acton, 515 U.S. 646, 660, 115 S.Ct. 2386, 132 L.Ed.2d 564 (1995).
Here, there is little evidence of what actually motivated the City to subject mechanics in the Solid Waste Department to suspieionless drug testing. For the most part, we have only the City’s arguments as presented to the district court and to this court. At best, there is a general policy statement in the City’s Administrative Instruction No. 123 that the City has an “interest in maintaining safe, healthful and efficient working conditions for its employees,” and that “[bjeing under the influence of alcohol, or the presence of certain drugs in the body system, may pose serious safety and health risks not only to the user but to all those in contact with the user.” However, this rationale could arguably be applied to any and all City employees and, in my opinion, it does not rise to the level of a real and immediate interest that could justify suspicionless drug testing.
Notably absent is any evidence suggesting a past history of drug use among mechanics in the Solid Waste Department (or, for that matter, among any City employees), or even any fear or suspicion of such drug use. Although such evidence may not always be necessary, the Supreme Court has emphasized that such evidence will “shore up an assertion of special need” by helping to “clarify” and “substantiate ... the precise hazards posed by such use.” Chandler, 117 S.Ct. at 1303. Indeed, two of three cases where the Supreme Court has approved sus-picionless drug testing involved evidence of actual drug abuse problems among the target populations. See Skinner v. Railway Labor Executives’ Assoc., 489 U.S. 602, 607, 109 S.Ct. 1402, 103 L.Ed.2d 639 (1989) (governmental concern in preventing railway accidents was motivated by findings of drug use by railroad employees nationwide, as well as by evidence that drug and alcohol use had been probable cause or contributing factor in prior accidents); Vemonia, 515 U.S. at 662-63, 115 S.Ct. 2386 (challenged drug testing program was implemented because large segment of high school student body, particularly student-athletes, were in “a state of rebellion ... fueled by alcohol and drug abuse as well as by [their] misperceptions about the drug culture”); see also Chandler, 117 S.Ct. at 1303 (rejecting random drug test that was not motivated by any evidence of a “concrete danger” or a history of drug abuse by persons subject to test).
Nor has the City adequately demonstrated plaintiffs’ job responsibilities are such that suspicionless drug testing is justified in the absence of a demonstrated problem of drug use. In Von Raab, the Supreme Court approved suspicionless drug testing of certain Customs Service employees even though there was no concrete evidence of a problem of drug use among such employees. However, as the Court subsequently emphasized in Chandler, “Von Raab must be read in its unique context.” 117 S.Ct. at 1304. Specifically, the Customs Service employees at issue in Von Raab were either “directly involved [in] drug interdiction or otherwise required ... to carry a firearm,” were routinely exposed to organized crime and illegal contraband, and had been frequent targets of bribery by drug smugglers. Id. Based upon these job tasks and associated risks, the Supreme Court concluded “the Government ha[d] a compelling interest in ensuring *1076 that front-line interdiction personnel [we]re physically fit, and ha[d] unimpeachable integrity and judgment.” Von Raab, 489 U.S. at 670, 109 S.Ct. 1384. Similarly, the Court concluded there was a governmental interest in “prevent[ing] the promotion of drug users to positions that require[d] the incumbent to carry a firearm, even if the incumbent wa[s] not engaged directly in the interdiction of drugs.[1]’ Id.
Here, there is a troubling lack of evidence concerning what tasks are actually performed by plaintiffs.[1] Even overlooking this problem, I am not convinced the tasks performed and the risks faced by plaintiffs are sufficiently comparable to the employees in Von Raab to allow us to conclude the City has a special interest that justifies departure from the Fourth Amendment’s usual requirement of reasonable individualized suspicion. Thus, I agree with the district court’s conclusion on this point: “On the record before me, I cannot conclude that solid waste mechanics have a significant impact upon the safety of the public, that they expose other employees to hazardous conditions or that their specific job requirements require responsibility for the safety of others.” Memorandum Opinion and Order at 9.
Finally, it should be noted that the record on appeal contains evidence (i.e., an affidavit from Assistant City Attorney Peggy Hard-wick) suggesting plaintiffs were subjected to drug testing solely because of the City’s alleged interest in maintaining consistent policies with respect to all mechanics employed by the City and not because of any safety or health concerns peculiar to plaintiffs’ positions. As the district court concluded after reviewing this evidence, “[i]t appears that the primary reason the [Cjity ... included” plaintiffs in its random drug testing policy was “the [Cjit/s administrative convenience.” Id. at 10.
For these reasons, the only conclusion that can be reached is that the City’s alleged interests in random testing are, like the government concerns alleged in Chandler, “hypothetical” rather than “real.” 117 S.Ct. at 1303.

. The City’s motion for summary .judgment contained a limited number of statements regarding plaintiffs' job responsibilities. Although the City cited to' deposition testimony to support those statements, none of the cited testimony was at-lached to the City’s motion or otherwise induded in the record on appeal. Further, there was no indication the cited testimony was submitted to the district court.